IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICO DUKES,  ) | |
|     Plaintiff,  ) | |
| vs.  ) | No. 3:17-CV-2066-L-BH |
|   ) | |
| DENTON COUNTY COURT,  ) | |
|     Defendant.  ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED**.

### I. BACKGROUND

On August 3, 2017, the plaintiff filed this *pro se* case against the Denton County Court. (*See* doc. 3.) He was granted leave to proceed *in forma pauperis* on August 17, 2017. (*See* doc. 6.) His initial filing is titled as a criminal complaint and expressly invokes the "RICO Act, 109 . . . collection of [] unlawful debt." (*Id.* at 1.)[1] It claims that an "unlawful debt was demanded to be paid for the release of [his] freedom when the arrest was in [] violation of [a] federal case." (*Id.*) The complaint also invokes "U.S. Code 28-607" for prohibited practice of law, alleging that an "officer or employee shall not engage directly [or] indirectly in the practice of law." (*Id.*) He claims that a federal judge in this district has "granted federal and civil criminal racketeering crimes for the U.S. Code 28-607 practice of law prohibited and Rico Act 109 collection of unlawful debt." (*Id.* at 2.)

The plaintiff asserted substantially similar claims under these two statutes in *Dukes v. United States*, No. 3:17-CV-1657-B (N.D. Tex.), and a recommendation that the case be dismissed for

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

failure to state a claim is pending. (*See* No. 3:17-CV-1657-B, doc. 12.) Another lawsuit that he also brought as a criminal complaint has been dismissed for failure to state a claim. *See Dukes v. United States*, No. 3:17-CV-2063-K (N.D. Tex. Sept. 6, 2017), docs. 7, 8, 9. He has twelve other lawsuits currently pending in this district that were all filed in the same month, and several have pending recommendations for summary dismissal under 28 U.S.C. § 1915(e)(2).

The Denton County is located in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124(c)(3). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because the plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient

to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Here, the plaintiff does not claim that the defendant resides in the Northern District of Texas, or that any part of the events or omissions giving rise to his claims occurred here. The defendant is located in Denton County, Texas, which is located within the territorial confines of the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). All of the events upon which he bases his claims appeared to have occurred in that district. Venue does not lie in this district.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*,

160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the appropriate district. Currently pending is a recommendation that another case filed by the *pro se* plaintiff in this district that raises substantially similar claims be dismissed for failure to state a claim. Another case that he also brought as a criminal complaint has been dismissed for failure to state a claim, and he has twelve other lawsuits pending that were filed within the last month. Dismissal under 28 U.S.C. § 1915(e)(2) has been recommended in several of those cases. Because the plaintiff's complaint raises claims that appear to be subject to dismissal, this case should be dismissed instead of transferred.

## IV. RECOMMENDATION

The complaint should be **DISMISSED without prejudice**.

**SO RECOMMENDED**, this 15th day of September, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE